Fuld, J.
(dissenting). If full faith and credit does not compel recognition of, and obedience to, the decree of the Puerto Rican court, then, certainly, principles of comity require it.
To sanction appellant’s course in this case — first invoking the jurisdiction of the courts of Puerto Rico in order to have determined the very question of custody here involved and then, when the case seemed to be going against her, leaving Puerto Rico and flouting the order of its court — must inevitably lead to disrespect for courts in general and disruption of the orderly administration of justice. Our courts of New York should do to other courts and their judgments what we would have them do to us and our decisions.
I would only add that, in any event, as the Appellate Division held, the disposition by the Puerto Rican court as to the child’s custody, with the full consent of appellant, was for *584 his welfare and benefit, and no change of circumstances has been shown to justify the change in custody now being directed.
I would affirm the order of the Appellate Division.
Conway, Ch. J., Desmond, Dye, and Fboessel, JJ., concur with Bubke, J.; Fuld, J., dissents in an opinion in which Van Voobhis, J., concurs.
Order reversed, etc.